UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ARMANDO GÓMEZ-ORTIZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1032 (JAF)

(Crim. No. 09-061-01)

**OPINION AND ORDER**

Petitioner Armando Gómez-Ortiz ("Gómez") comes before the court with a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed. (Docket No. 1.) The United States opposes his motion. (Docket No. 3.) Because this petition is time-barred, we lack jurisdiction and must dismiss the petition.

**I.**

**Background**

On February 11, 2009, Gómez was indicted for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and for aiding and abetting in the possession of a machine gun in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(ii) and Section 2. (Crim. No. 09-061.) On May 4 and 5, 2009, Gómez was tried before a jury and convicted on both counts. (Crim. No. 09-061, Docket Nos. 44, 48, 49.) On August 11, 2009, we sentenced him to sixty-three (63) months as to count one and to three-hundred sixty (360) months as to count two, to be served consecutively, for a total imprisonment term of four-hundred twenty-three (423) months. We also sentenced Gómez to supervised release of four years as to count one and five years as to count two, to be served concurrently, and to a monetary assessment. Finally, we sentenced him

to forfeiture of any firearms and ammunitions involved or used in the commission of the offense. (Crim. No. 09-061, Docket Nos. 63, 65.)

On August 18, 2009, Gómez notified the court that he was pursuing an appeal. (Crim. No. 09-061, Docket No. 69.) On appeal, he argued that the evidence was insufficient to convict him on either count; that the government committed a Brady violation; and that we erred in instructing the jury as to the firearm count. U.S. v. Alverio-Melendez, 640 F.3d 412, 416 (1st Cir. 2011). On April 1, 2011, the First Circuit affirmed his conviction. Id. On January 15, 2013, Gómez filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket No. 1.) On February 28, 2013, the government filed a response in opposition. (Docket No. 3.) On March 19, 2013, Gómez filed a supplemental motion and a supplemental memorandum of law. (Docket Nos. 5, 6.)

## II.

### Jurisdiction

We do not have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255. Gómez is currently in federal custody having been sentenced by this District Court. However, to file a timely motion, Gómez had one year from the date his judgment became final. 28 U.S.C. § 2255(f). His judgment became final on the last day that he could have filed a petition for a writ of certoriari, which was ninety days after the entry of the court of appeals' judgment. SUP. CT. R. 13(1); Clay v. United States, 537 U.S. 522 (2003). The First Circuit issued a mandate on April 27, 2011; therefore, his judgment became final on July 26, 2011. (Crim. No. 09-061, Docket No. 90). Gómez had only until July 26, 2012, to file a petition under 28 U.S.C. § 2255. Because he did not file this motion until January 15, 2013, the petition is time-barred and we lack jurisdiction. Therefore, the petition is denied.

## III.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Gómez has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Gómez may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## IV.

## Conclusion

For the foregoing reasons, we hereby **DENY** Gómez's § 2255 petition (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Gómez is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 8th day of January, 2014.

                                                    S/José Antonio Fusté
                                                    JOSE ANTONIO FUSTE
                                                    U. S. DISTRICT JUDGE